UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
GYURI KIM,    Civil Case No.: 2:25-cv-14407

                Plaintiff,

   -against-    **COMPLAINT**

BRIAN VINCENT HEALY,    Plaintiff Demands a Trial
                Defendant.    By Jury
------------------------------------------------------------------------X

Plaintiff, Gyuri Kim (hereinafter referred to as "Plaintiff" or "Ms. Kim"), by and through her attorneys, Derek Smith Law Group, PLLC, hereby complains of Defendant, Brian Vincent Healy (hereinafter referred to as "Defendant" or "Mr. Healy"), upon information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff Gyuri Kim brings this action seeking relief for sexual abuse and physical assault committed against her while she was a minor by Defendant Brian Vincent Healy pursuant to the New Jersey Child Sexual Abuse Act ("N.J.S.A.") § 2A:61B-1 and N.J.S.A. § 2A:14-2a.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction of this action is conferred upon this Court pursuant to 28 U.S.C. § 1332 as this matter is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00.

3. Plaintiff is a citizen of the State of California.

4. Defendant is a citizen of the State of Florida.

5. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this Complaint.

6. Venue is proper pursuant to 28 U.S.C. § 1391 based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within this judicial district.

## PARTIES

7. Plaintiff is an individual woman who resides in California, County of Los Angeles. Plaintiff was born in September of 1992.

8. Defendant is an individual man who resides in Florida, County of Martin. Defendant was born in July of 1961.

## STATEMENT OF FACTS

9. In or around 2006, when Ms. Kim was fourteen (14) years old, she moved from South Korea to the United States and began residing in Queens, New York.

10. At all times material, Ms. Kim had no close friends or family living in the United States.

11. At all times material, Ms. Kim was forced to live in poverty due to her inability to secure stable employment as a minor who was not fluent in the English language.

12. In or around December 2008, when Ms. Kim was a sixteen (16) year old minor, she became acquainted with Mr. Healy. When Ms. Kim was first introduced to Mr. Healy, Mr. Healy was a forty-seven (47) year old adult male who resided at his personal residence located at 258 Barrow Street, Apt. 1F, Jersey City, New Jersey 07302 (hereinafter referred to as "Barrow Street Residence").

13. Shortly thereafter, Mr. Healy aggressively pursued Ms. Kim, offering her gifts and money in exchange for spending time together.

14. At all times material, Mr. Healy exploited Ms. Kim's lack of support and financial resources.

15. In or around early 2009, when Ms. Kim was only sixteen (16) years old, Mr. Healy statutorily raped Ms. Kim for the first time.

16. In or around early 2009, Mr. Healy further preyed upon Ms. Kim's vulnerable position by pressuring Ms. Kim to move in with him. Soon thereafter, Mr. Healy and Ms. Kim began living together in his Barrow Street Residence.

17. Immediately upon moving in with Mr. Healy, Ms. Kim learned that Mr. Healy had a severe and untreated substance abuse problem.

18. In or around early 2009, Mr. Healy coerced Ms. Kim to consume illicit drugs for the first time by threatening to kick Ms. Kim out of the residence they shared if she refused. Ms. Kim consumed the illicit drugs in fear of being kicked out of the Barrow Street Residence, which would have rendered her homeless.

19. At all times material, Ms. Kim was completely dependent on Mr. Healy for basic necessities such as food and shelter, which resulted in an extreme imbalance of power between Mr. Healy and Ms. Kim.

20. At all times material, Mr. Healy deliberately took advantage of this unequal power dynamic to benefit at Ms. Kim's sole expense.

21. Following the first time Mr. Healy coerced Ms. Kim in to ingesting illicit drugs, Mr. Healy made it a habit of forcing Ms. Kim to consume copious amounts of illicit drugs and alcohol in order to get her as incoherent as possible.

22. Throughout the remainder of 2009, Ms. Kim witnessed Mr. Healy partake in multiple illicit drug-induced binges, during which Mr. Healy consumed illicit drugs for hours upon hours on end, completely forgoing food and sleep in pursuit of maintaining his high. During these times, Mr. Healy was extraordinarily sexually aggressive and physically violent towards Ms. Kim.

23. By way of example, in or around spring of 2009, during one of Mr. Healy's particularly severe drug-induced binges, Mr. Healy forced Ms. Kim to perform oral sex on him for multiple hours against her will. Each time Plaintiff attempted to stop performing oral sex on Mr. Healy, Mr. Healy grabbed Plaintiff by the hair, dragged her head down, and stuck his penis in her face all the while screaming at Ms. Kim to continue. Ms. Kim continued performing oral sex on Mr. Healy for a total of ten (10) consecutive hours in fear that if she stopped, Mr. Healy would physically harm her further.

24. At all times material, Mr. Healy's sexual abuse caused Ms. Kim to feel extremely emotionally distressed, terrified, anxious, degraded, and unsafe.

25. Throughout the course of 2009, it was common for Mr. Healy to force Ms. Kim to consume copious amounts of alcohol and illicit drugs. However, while Ms. Kim was drunk and/or high, she found it extremely difficult to engage in sexual acts with Mr. Healy, as the aforementioned substances resulted in her becoming extremely lethargic. As such, on numerous occasions throughout 2009, Ms. Kim rejected Mr. Healy's sexual advances, which resulted in Mr. Healy becoming extremely angry and physically abusive.

26. By way of example, in or around autumn 2009, when Ms. Kim was newly seventeen (17) years old, Ms. Kim informed Mr. Healy that she was too tired and nauseous to have sexual intercourse with him due to the illicit drugs he had forced her to consume that day. In response, Mr. Healy punched Ms. Kim in the face with a closed fist. Mr. Healy then grabbed Ms. Kim

by the hair, dragged her to the bedroom in the Barrow Street Residence, and pinned her limp body down on the mattress. Mr. Healy proceeded to strip Ms. Kim's clothing off and began violently raping Ms. Kim. Ms. Kim sustained a black eye and multiple lacerations on her vagina following Mr. Healy's depraved attack and brutal vaginal penetration.

27. By way of further example, in or around autumn 2009, Mr. Healy forced Ms. Kim to consume illicit drugs. Mr. Healy then proceeded to pay two (2) female prostitutes to visit his Barrow Street Residence at approximately 1 o'clock in the morning. Unbeknownst to Ms. Kim, Mr. Healy had hired the women to engage in sexual acts with both himself and Ms. Kim together. When Mr. Healy informed Ms. Kim of his intention to engage in an orgy, Ms. Kim refused. Ms. Kim proceeded to beg Mr. Healy to not have sexual intercourse with the two women in the Barrow Street Residence. Despite Ms. Kim's desperate pleas, Mr. Healy did engage in sexual intercourse with the two women in the Barrow Street Residence bedroom, all the while ensuring that Ms. Kim could hear and see the sexual acts occurring.

28. Throughout the course of 2009, Mr. Healy violently raped Ms. Kim on multiple occasions.

29. Throughout the course of 2009, Mr. Healy physically abused Ms. Kim on multiple occasions. As a result, Ms. Kim suffered from multiple black eyes, bruises, and injuries.

30. Throughout the course of 2009, Mr. Healy forced Ms. Kim to watch him engage in sexual acts with other women in the Barrow Street Residence.

31. Throughout the course of 2009, Ms. Kim found herself trapped in a viscous cycle of physical and sexual abuse at the hands of Mr. Healy.

32. Throughout the course of 2009, Mr. Healy's physical and sexual abuse steadily worsened.

33. In or around winter 2009, Mr. Healy became irate with Ms. Kim after Ms. Kim rejected his sexual advances and refused to engage in vaginal intercourse with him. In response, Mr. Healy

put a hamper over Ms. Kim's head, which effectively cut off her oxygen supply. Mr. Healy held the hamper on top of Ms. Kim's head for several minutes. Once Ms. Kim was on the verge of fainting due to the lack of oxygen she was getting, Mr. Healy removed the hamper from Ms. Kim's head and began repeatedly punching Ms. Kim in the back of her head. As a result, Ms. Kim suffered from blurry vision and extreme lightheadedness. Mr. Healy proceeded to grab Ms. Kim by her neck, pin her against a wall in the Barrow Street Residence, and choke Ms. Kim with his bare hands until Ms. Kim lost consciousness.

34. Once Ms. Kim regained consciousness, Ms. Kim genuinely feared for her life and called the police to the Barrow Street Residence for help. Once the police arrived, Mr. Healy informed the police that Ms. Kim was at fault for the brutal abuse she had endured. Furthermore, Mr. Healy informed the police that Ms. Kim was trespassing in his home. As a result, the police physically removed Ms. Kim from the Barrow Street Residence and dropped Ms. Kim off at the New Jersey PATH station without further assistance.

35. Once Mr. Healy had the police remove Ms. Kim from the Barrow Street Residence, Ms. Kim never spoke to Mr. Healy again.

36. As a direct result of Mr. Healy's actions, Ms. Kim suffered and continues to suffer severe and ongoing psychological trauma, including dissociation, PTSD symptoms, social avoidance, anxiety, depression, intense shame, and a diminished sense of personal autonomy and self-worth.

37. Ms. Kim has sought and continues to receive medical treatment in connection with the trauma inflicted upon her by Mr. Healy.

38. As a result of the events described herein, Ms. Kim has experienced profound and lasting harm, including disruption to her personal relationships.

39. As a result of the acts and conduct complained of herein, Ms. Kim has also suffered and continues to suffer emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## AS A FIRST CAUSE OF ACTION
## FOR CHILD SEXUAL ABUSE

40. Plaintiff repeats and re-alleges each allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

41. The New Jersey Child Sexual Abuse Act, N.J.S.A. § 2A:61B-1 states in relevant part as follows:

    1. "'Sexual abuse' means an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult. A parent, resource family parent, guardian or other person standing in loco parentis who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse, except that it is an affirmative defense if the parent, resource family parent, guardian or other person standing in loco parentis was subjected to, or placed in, reasonable fear of physical or sexual abuse by the other person so as to undermine the person's ability to protect the child.

    2. 'Sexual contact' means an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of sexually arousing or sexually gratifying the actor. Sexual contact of the adult with himself must be in view of the victim whom the adult knows to be present.

3. 'Sexual penetration' means vaginal intercourse, cunnilingus, fellatio or anal intercourse between persons or insertion of the hand, finger or object into the anus or vagina either by the adult or upon the adult's instruction.

4. 'Intimate parts' means the following body parts: sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person.

5. 'Injury or illness' includes psychological injury or illness, whether or not accompanied by physical injury or illness."

42. Throughout the course of 2009, Defendant repeatedly and intentionally sexually abused Plaintiff while Plaintiff was under the age of eighteen years old and Defendant was over the age of eighteen years old.

43. Defendant repeatedly engaged in various acts of sexual contact with Plaintiff, including, but not limited to, sexual penetration.

44. Defendant repeatedly performed oral sex on then-minor Plaintiff, fondled Plaintiff's vagina, buttocks, and breasts with his hands, performed vaginal and anal penetration on Plaintiff with his fingers and penis, performed vaginal and anal intercourse on Plaintiff while she was physically helpless, unconscious, under the influence of alcohol and/or illicit drugs, and without the ability to communicate her unwillingness to engage in such acts.

45. As a result of Defendant's conduct, Plaintiff has suffered severe and permanent illnesses and injuries, both mental and physical, and will continue to suffer great pain and torment for the foreseeable future.

## AS A SECOND CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

46. Plaintiff repeats and re-alleges each allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

47. The aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness, and recklessness of Defendant.

48. Defendant did suddenly and without provocation, did rape, physically assault, and batter Plaintiff, herein causing Plaintiff to sustain damages; in that Defendant did conduct himself in a wanton, willful, reckless and heedless manner without regard to the safety of the Plaintiff herein; in that said Defendant was physically abusive; in behaving in a disorderly manner; in using unnecessary, excessive and unlawful touching against the plaintiff; in willfully and maliciously assaulting and battering the Plaintiff herein.

49. Defendant intended to cause the Plaintiff to apprehend imminent harmful contact from Defendant.

50. Defendant caused the Plaintiff to reasonably apprehend such contact.

51. Defendant did further offensively touch and batter the Plaintiff without her consent.

52. Defendant violated the above and Plaintiff suffered damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

53. Plaintiff repeats and re-alleges each allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

54. Defendant engaged in extreme and/or outrageous conduct directed to the Plaintiff in a fashion intended to produce emotional distress or recklessly in deliberate disregard of a high degree of probability that emotional distress would follow.

55. Defendant's misconduct proximately caused the Plaintiff to suffer emotional distress, injuries, and damages so severe that no reasonable person could be expected to endure it.

56. As a direct result of Defendant's conduct, Plaintiff suffered harm and is entitled to damages.

## AS A FOURTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

57. Plaintiff repeats and re-alleges each allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

58. Defendant unlawfully restrained Plaintiff thereby depriving her of her personal liberty and freedom of movement.

59. Defendant's conduct was done with the intention of causing Plaintiff to be confined and did cause Plaintiff to be confined against her will.

60. As a direct result of Defendant's conduct, Plaintiff suffered harm and is entitled to damages.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring Defendant's conduct complained of herein to be a violation of Plaintiff's rights under New Jersey State law;

B. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, as well as emotional distress, pain, and suffering;

C. Awarding economic damages;

D. Awarding Plaintiff punitive damages against the Defendant;

E. Awarding Plaintiff's attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding prejudgment and post-judgment interest;

G. Awarding Plaintiff all other further relief as the Court may deem equitable, just, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Date: August 11, 2025
New York, New York

Respectfully Submitted,
**DEREK SMITH LAW GROUP, PLLC**

*Attorneys for Plaintiff*

By:

Kristen Pleszewicz, Esq.
450 7th Avenue, 30th Floor
New York, New York 10123
kristen@dereksmithlaw.com